IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02565-RM-MJW

WELLS FARGO INSURANCE SERVICES
USA, INC.,

    Plaintiff,

v.

GLENN W. MCQUATE,
PAUL PROUTY, and MARY WONG,

    Defendants.

---

PROTECTIVE ORDER ( Docket No 26-1 )

---

Upon the showing of good cause and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure case, IT IS HEREBY ORDERED as follows:

1. The Parties anticipate discovery in this proceeding will require the parties to produce and/or disclose "Confidential Information" and "Highly Confidential Information," as the terms are defined in Paragraphs 6 and 7 below.

2. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information, disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3. As used in this Protective Order, "document" is defined as provided in Fed .R. Civ. P. 34(a), including electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

4. Any party, or any third party subject to discovery in this action ("The Litigation"), may designate as "Confidential" or "Highly Confidential" any document or other material that such party believes to contain "Confidential Information" or "Highly Confidential Information" as defined below, including without limitation, any information produced pursuant to a discovery request, any document marked as an exhibit at any deposition taken in this proceeding, any information given orally at a deposition or otherwise, or the transcript of any deposition taken in this proceeding, or any information provided in writing in any interrogatories, requests for admission, or otherwise, if it reflects, refers to or evidences any "Confidential Information" or "Highly Confidential Information."

5. All "Confidential" or "Highly Confidential" documents produced by any party or non-party in The Litigation shall be used by the party or agent receiving or reviewing such documents only for the purposes of preparing for and conducting The Litigation.

6. For purposes of this Protective Order, the term "Confidential Information" means documents, information, or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including materials which that designating party in good faith believes constitute information that is not generally known and which the designating party would normally not reveal to third parties or would cause third parties to maintain in confidence. The restrictions contained in this Order shall not apply to information that is or was available to the public prior to disclosure or that is or was legitimately and independently acquired from a source not subject to this Order.

7. For purposes of this Protective Order, the term "Highly Confidential Information" shall be limited to extremely sensitive "Confidential Information or Items" whose disclosure to another party or non-party would create a substantial risk of injury, including a party's proprietary

2

business information, or technical materials, or both, the disclosure or which would likely result in competitive harm to the designating party.

8. "Confidential" or Highly Confidential Information" shall be designated specifically by marking the thing and/or each page of a document produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In lieu of marking and producing the original or a document, a marked copy thereof may be produced, provided that the unmarked original is kept available by the producing party for inspection. If a document is produced electronically, such document may be designated by appending the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the media on which the document is produced, or to any image of such document.

9. In the event that an original copy of a documents is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as set out in Paragraphs 6 or 7, and one or more copies of the document or the original are also produced but not so designated, the copies or original shall also be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if the receiving party is actually aware of such fact.

10. Such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall be made at the time documents or materials are produced or within ten (10) calendar days thereafter. In the case of depositions, the designations shall be made by so stating on the record of the deposition, or within ten (10) calendar days after receiving the transcript. Notwithstanding the foregoing, documents, materials or deposition testimony that are not designated "Confidential" or "Highly Confidential" at the time of production may subsequently be designated as "Confidential" or "Highly Confidential," within ten (10) calendar days of the date of production or deposition, or within such other time period allowed by the Court upon Motion, by the designating party in a letter to the non-designating party that specifically describes each document, information, or

testimony so designated. Thereafter, the documents or information so designated shall be deemed as designated subject to this Protective Order and the provisions of Paragraphs 13 and 15.

11. Documents or materials marked as "CONFIDENTIAL" pursuant to the terms of the Protective Order, and any information contained therein or derived therefrom shall not be disclosed to anyone other than to "Qualified Persons--CONFIDENTIAL," who are defined to consist of:

(a) Counsel to the parties to The Litigation, including in-house counsel, and clerical, secretarial and paralegal staff employed by such counsel;

(b) Named parties to this litigation after being advised of the terms of this Protective Order and agreeing in writing to abide by its terms to not disclose any Confidential material to any persons not included in this paragraph.

(c) Any outside expert or consultant and their staff retained by counsel to assist in the prosecution or defense of this action after being advised of the terms of this Protective Order and agreeing in writing to abide by its terms to not disclose any Confidential material to any persons not included in this paragraph, such written agreement shall be in the form attached hereto as Exhibit A;

(d) Any witness at deposition or at trial who is employed or previously employed by the producing party at the time the Confidential document was prepared or disseminated, as well as any person who created, sent or received the document in the ordinary course of business as demonstrated by the evidence, provided that any such witness or person is advised of the terms of this Protective Order prior to such disclosure and agrees in writing to abide by its terms to not disclose any Confidential material to any persons not included in this paragraph, such written agreement shall be in the form attached hereto as Exhibit A;

(e) Any person noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, provided that any such witness or person is advised of the terms of this Protective Order prior to such disclosure and agrees in writing to abide by its terms to not disclose any Confidential material to any persons not included in this paragraph, such written agreement shall be in the form attached hereto as Exhibit A;

(f) Any court reporter or typist recording or transcribing testimony, and who also will be subject to this Protective Order;

(g) The Court and court personnel;

(h) Such other persons agreed to by all parties in writing or ordered by the Court.

12. Documents or materials designated as "HIGHLY CONFIDENTIAL" pursuant to the terms of the Protective Order, and any information contained therein or derived therefrom shall not be disclosed, summarized, described or otherwise communicated or made available in whole or in part to anyone except "Qualified Persons-HIGHLY CONFIDENTIAL," who are to consist of:

(a) Counsel to the parties to The Litigation, excluding in-house counsel, and clerical, secretarial and paralegal staff employed by such counsel;

(b) Any outside expert or consultant and their staff retained by counsel to assist in the prosecution or defense of this action after being advised of the terms of this Protective Order and agreeing in writing to abide by its terms to not disclose any Highly Confidential material to any persons not included in this paragraph, such written agreement shall be in the form attached hereto as Exhibit A;

(c) any person who created, sent or received the document in the ordinary course of business as demonstrated by the evidence, provided that any such witness or person is advised of the terms of this Protective Order and agrees in writing to abide by its terms to not disclose any Highly Confidential material to any persons not included in this paragraph, such written agreement shall be in the form attached hereto as Exhibit A.

(d) Any court reporter or typist recording or transcribing testimony, and who also will be subject to this Protective Order;

(e) The Court and court personnel; and

(f) Such other persons agreed to by all parties in writing or ordered by the Court.

13. A party may object to the designation of particular "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. During the pendency of any such motion, the disputed information shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion.

14. In connection with a motion filed under this provision and Paragraph 13, the party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as such.

15. In the event that a producing party inadvertently fails to designate any of its information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation. It shall be understood, however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

16. Inadvertent disclosure and/or production of documents claimed to be subject to either the attorney-client privilege or work product doctrine does not waive the applicability of such privilege or doctrine either generally or relative to the inadvertently disclosed and/or produced documents. If any such documents are inadvertently disclosed to the receiving party by the producing party, the producing party may request that the receiving party return such documents to the producing party, and the receiving party must immediately comply, to the extent reasonably practicable and consistent with the technology used by the producing party to produce the documents, by returning such documents and destroying any copies, notes or memoranda concerning the privileged information. If, however, the receiving party disagrees with the claim of privilege or work-product protection as to an inadvertently disclosed and/or produced document, the receiving party may object to the return of the document by giving written notice to the party claiming the privilege. The written notice shall identify the document to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party claiming the privilege or protection to file an appropriate motion requesting that the Court determine the validity of the privilege or protection claim. If the party claiming the privilege or protection fails to file such a motion within the prescribed time, the receiving party may retain the disputed document, which shall not thereafter

be treated as privileged or protected. In connection with a motion filed under this provision, the party claiming the privilege or protection shall bear the burden of establishing that good cause exists for the disputed document to be treated as privileged or protected. The disputed document shall be treated as privileged or protected until either the Court rules on the motion filed under this provision, or the time for filing such a motion has expired.

17. Documents or materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Protective Order, whether discussed in briefs or otherwise, shall not be filed with the Clerk of Court. Parties submitting to the Court documents containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall follow the procedure set forth in Colorado Local Rules 7.2. Any party or member of the public may challenge the filing of papers *in camera* under the Local Rules. In the event of a challenge, the party asserting confidentiality will have the burden of proving the same.

18. The conclusion of the proceedings in this case shall not relieve any person to whom Confidential materials have been disclosed from the obligations of this Order, unless the Court otherwise orders.

19. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be returned to the party that designated it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within sixty (60) days of the conclusion of this case (including any appeal). Alternatively, the parties may mutually agree to destroy any such documents.

20. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to

contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

21. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Respectfully submitted this ___ day of October, 2014.

| | |
|---|---|
| /s/Timothy M. Kratz | /s/Amy L. Miletich |
| Timothy M. Kratz | Amy L. Miletich |
| Christopher T. Patrick | Amanda K. Slater |
| Jackson Lewis, P.C. | MiletichCohen P.C. |
| 950 17th Street, Suite 2600 | 1660 Wynkoop, Suite 1160 |
| Denver, Colorado 80202 | Denver, Colorado 80202 |
| (303) 892-0404 | (303) 825-5500 |
| Tim.Kratz@jacksonlewis.com | amiletich@mcpclaw.com |
| Christopher.Patrick@jacksonlewis.com | aslater@mcpclaw.com |
| | |
| Peter R. Bulmer | *Attorneys for Defendants* |
| Jackson Lewis, P.C. | |
| 150 N. Michigan Ave., Suite 2500 | |
| Chicago, Illinois 60601 | |
| (312) 787-4949 | |
| Bulmer.P@jacksonlewis.com | |

*Attorneys for Plaintiff*

DATED this 23rd day of October, 2014

BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

## **EXHIBIT A TO PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02565-RM-MJW

WELLS FARGO INSURANCE SERVICES
USA, INC.,

      Plaintiff,

v.

GLENN W. MCQUATE,
PAUL PROUTY, and MARY WONG,

      Defendants.

---

### DISCLOSURE AGREEMENT

---

      I, _____, the undersigned, under the penalty of perjury as provided by law, the certifies pursuant to 28 U.S.C. §1746 that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the Parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and neither to use nor to disclose them further, and in all other respects to be bound by the terms of the Protective Order.

      My current address and telephone number is: _____

_____

_____
Signature

4845-4245-1488, v. 1